GEORGE L. WILKINS *vs.* STATE INSURANCE COMPANY; OF DES MOINES, IOWA.

April 24, 1890.

Fire Insurance — Payment of Premium — Unauthorized Waiver by Local Agent.—The rule that "if an agent exceeds his actual authority, and the person dealing with him has notice of the fact, the principal is not bound," applied to a case where a local agent of a fire-insurance company assumed to waive a provision in the policy that "no insurance would be binding until actual payment of the premium;" the policy itself containing a provision that none of its terms could be waived by any one except the secretary of the company.

Appeal by defendant from an order of the district court for Rice county, *Buckham,* J., presiding, refusing a new trial after a verdict of $322.75 for plaintiff.

*M. H. Keeley,* for appellant.

*A. D. Keyes,* for respondent.

MITCHELL, J. The defendant, an Iowa corporation, but doing business in this state, had an agent at Faribault, whose general duties

were to solicit insurance, fill up the blanks in printed policies already signed by the general officers of the company, and left in his possession, countersign and deliver the same, and collect and remit the premiums. It is undisputed in the evidence that this agent, having solicited the plaintiff for insurance on his stock, and the plaintiff being unable then to pay the premium, assumed to waive immediate payment, and to give plaintiff a temporary credit for the premium, and delivered to him the policy on which this action is brought. The agent subsequently called on the plaintiff at least twice for the premium, but the latter failed to pay; and some two and a half months after the policy was issued the property was burned, the premium being still unpaid.

The question is whether the company was bound by the act of the agent in waiving immediate payment of the premium, and giving plaintiff credit. The policy contains a provision that "no insurance shall be considered as binding until actual payment of the premium." The same rules apply to insurance companies as to any other case of agency. They are bound by all the acts of their agents within the scope of the real or apparent authority with which they have clothed them, and no farther; and it would seem well settled by the great weight of authority that, at least in the case of stock companies, a person dealing with an agent possessing the powers exercised by this agent has a right to assume, in the absence of notice to the contrary, that he has authority, pending negotiations for a contract of insurance, to waive a provision like the one quoted, and to give a short credit for the premium. But it is the undoubted right of the company, as in the case of any principal, to impose a limitation upon the authority of its agents. And it is as elementary as it is reasonable that if an agent exceeds his actual authority, and the person dealing with him has notice of that fact, the principal is not bound; and it is upon this proposition that defendant chiefly relies. There are two provisions in the policy to which he refers in support of his contention. The first is that "no officer, agent, or representative of the company, shall be held to have waived any of the terms or conditions of this policy unless such waiver shall be indorsed thereon." Following *Lamberton* v. *Conn. Fire Ins. Co.*, 39

Minn. 129, (39 N. W. Rep. 76,) which is abundantly supported by the authorities, this contains no limitation upon the authority of any class of agents, prohibiting them from waiving any of the terms or conditions of the policy. It applies alike to all representatives of the company,—executive or general officers as well as others; and, so far as it assumes to be a limitation at all, it is upon the company itself, to the effect that it can only waive the conditions of the policy in a certain way, or, rather, it assumes to provide what shall be the exclusive evidence of such waiver. This provision, therefore, will not support defendant's contention, but the other or second one does. It is as follows: "this policy is made and accepted upon the above express terms, and no part of this contract can be waived except in writing signed by the secretary of the company." The words "policy" and "contract" are evidently here used as synonymous, and the latter clause clearly means that none of the terms of the policy can be waived by any one except the secretary. Conceding that this would not prevent the company itself, through its board of directors, or other body representing it in its corporate capacity, from waiving any of the terms or conditions of the policy, yet it is a plain declaration that no representative of the company but the secretary can do so, and hence that no local agent can do it. This, being in the policy itself, was notice to plaintiff that this agent at Faribault had no authority to waive the condition that no insurance would be binding until payment of the premium. It is no answer to say that he did not read the policy, and hence did not know what it contained. He was bound to know this; and, by accepting the policy, he is estopped from setting up powers in the agent in opposition to the express limitations contained in it. For this reason, we think the court erred in charging the jury that, if the policy was delivered by the agent to the plaintiff with the intention of giving him a temporary credit for the premium, this would be a delivery that would bind the company so that the policy would be operative and in force.

Order reversed.