EMPIRE LIFE INSURANCE COMPANY *v.* WIER.

ATKINSON, J. 1. A life-insurance policy was issued on the 6th day of February, 1906. The annual premium specified to be paid was $150.75, payable in advance on delivery of the policy, and thereafter on or before the 6th day of February in every year until premiums for 20 full years should have been paid, or until the prior death of the insured. The policy had attached as a part of it certain coupons, bearing even date with the policy, one of which contained a stipulation that the company, one year after date, should pay to the insured the sum of $150.75, "as a dividend guaranteed to be declared upon that

day upon the policy above named, provided the insured is alive at that date, and the policy in force, and all premium notes and premiums due, including the one due upon that date, if any, shall have been paid, and provided the subsequent year's premium has been satisfactorily secured; provided further, that this dividend coupon when earned may be used to pay any premium or other indebtedness to the company." *Held*, that, under a proper construction, the dividend coupon "when earned" might be applied to pay any premium or other indebtedness to the company, but actual payment of the premium on the policy of insurance due February 6th, 1907, is one of the conditions precedent to the earning of the dividend. And such payment does not result automatically by mere force of the contract, when, under the terms of the policy, there was nothing otherwise due to the insured which the company might appropriately have applied as payment of the premium.

2. In a suit on a life-insurance policy which contains provisions for forfeiture for non-payment of premiums, where forfeiture is pleaded, and the uncontradicted evidence shows affirmatively that there was no payment of one of the premiums, unless payment, resulted from a right of the insured to a dividend upon his policy of the character mentioned in the preceding headnote and a duty upon the part of the company to declare a dividend and apply it to the premium due on the day the forfeiture was claimed to have occurred, a verdict against the company in favor of the assured was unauthorized by the evidence.

3. It is unnecessary to deal with other questions presented in the bill of exceptions.                    *Judgment reversed.    All the Justices concur.*
                    SEPTEMBER 22, 1910.

Action on insurance policy.   Before Judge Brand.   Clarke superior court.   April 20, 1909

*Shackelford & Shackelford* and *Maynard & Hooper*, for plaintiff in error.   *Cobb & Erwin*, contra.