THOMAS J. DAVIS v. NATIONAL CASUALTY COMPANY.[1]

June 30, 1911.

Nos. 17,146—(190).

**Insurance policy — "in continuous force without delinquency."**
    A policy of insurance contained a clause that entitled the insured to a

1Reported in 131 N. W. 1013.

cash benefit of $120 after the policy had been in continuous force without delinquency for the term of ten years from its date. The policy required insured to make payments of one dollar within ten days after the first day of each month, and provided that, in case any such payment was not made when due, the policy should be ipso facto null and void. Insured made all his monthly payments promptly, except that one payment was made after the time limited, which payment was received by the company without objection and retained. It is *held*:

1. That the policy had been in "continuous force without delinquency," within the meaning of the clause.

2. The insured having fully performed the contract, and the insurer having received and retained the benefits of such performance, the latter cannot evade performance on the ground that the contract was ultra vires.

Action in the district court for Waseca county to recover $120 upon an insurance policy. The defenses set up in the answer are given in the second paragraph of the opinion. The case was tried before Buckham, J., who directed a verdict in favor of plaintiff for the amount demanded. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Brown, Albert & Guesmer* and *Henry C. Walters*, for appellant. *John Moonan*, for respondent.

BUNN, J.

This action was brought by plaintiff to recover the sum of $120 and interest, claimed to be due from defendant under the terms of a policy of insurance issued to plaintiff December 11, 1899, by the Minnesota Mutual Casualty Company, the obligations of which were assumed by the defendant. The policy provides that the insured shall be entitled to certain benefits in case of accident or sickness, and, "fourth, to a cash benefit of $120, less any indebtedness due the company, upon legal surrender of this policy, after it has been in continuous force, without delinquency, for the term of ten years from its date." This is the provision under which plaintiff seeks to recover in this action.

Defendant made two defenses: (1) That the policy had not been "in continuous force without delinquency" for ten years from its

date. (2) That the policy was ultra vires. Upon the conclusion of the testimony, the trial court directed a verdict in plaintiff's favor, and thereafter denied defendant's motion for judgment notwithstanding the verdict. Judgment was entered, and defendant appealed. The questions presented are as to the validity of the defenses made as above stated.

1. Defendant urges that the policy had not been "in continuous force without delinquency" for the term of ten years from its date, because it appeared from plaintiff's receipt book that the one dollar payment for the month of August, 1905, was made August 31, 1905; the policy requiring the payment of one dollar on the first day of each and every month during the ten years, and providing that, if premiums are not paid within ten days after they become due, the policy shall be "ipso facto null and void." It is admitted that this payment was accepted by the company, and that the policy has always been treated as in force by both the Minnesota Mutual Casualty Company and its successor, the defendant. Defendant does not contend that this delay in making the August, 1905, payment rendered the entire policy void, but insists that because thereof the policy was not "in continuous force without delinquency" for the term of ten years, and that therefore the cash benefit under the clause in question was forfeited.

We hold that this defense is without merit. The company, by accepting the past-due premium, waived, at least as to such premium, the conditions of the policy requiring payments to be made before the tenth of the month, and waived the provision that nonpayment rendered the policy null and void. We cannot hold that there was a delinquency, or that the policy was not in continuous force, within the meaning of the clause in question.

2. The second defense is that the contract of insurance, so far as the endowment clause is concerned, is ultra vires the corporation, because the statutes under which it was organized do not give it power to make such an agreement as that contained in the clause. This contention is easily disposed of. Even if the contract is ultra vires, it has been performed by plaintiff, and defendant has received and retained the benefits of such performance. It is too well settled to

need the citation of authorities that in such a case a corporation will not be permitted to evade performance of its contract on the ground of ultra vires. Nor are we able to agree with defendant that there is a want of mutuality in the contract.

Judgment affirmed.