## ABE WARD v. MERCHANTS LIFE AND CASUALTY COMPANY.[1]

February 1, 1918.

No. 20,711.

**Accident insurance — acceptance of delinquent premiums — statutory reinstatement.**

1. A policy of accident insurance contained a provision authorized by section 3524, G. S. 1913, to the effect that the acceptance by the insurer of delinquent premiums should reinstate the policy, but only to cover accidental injuries thereafter sustained.

**Same — statute valid — case limited.**

2. It is *held* that the provision is valid, and, as to insurance companies operating under the statute, operates as a modification of the rule applied in Mueller v. Grand Grove, U. A. O. D. 69 Minn. 236, and to exclude liability for injuries suffered by the insured when the policy is under suspension by reason of the default.

Action in the municipal court of St. Paul to recover $50 upon defendant's accident policy. The answer, among other matters, alleged that at the time the injuries were received plaintiff was in default in the payment of the premium upon his policy and that this default continued until October 20, 1916. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion for amended findings or for a new trial, defendant appealed. Reversed.

*P. W. Guilford,* for appellant.

*William I. Cohen* and *A. J. Hertz,* for respondent.

BROWN, C. J.

Action upon an accident insurance policy in which plaintiff had judgment and defendant appealed from an order denying a new trial.

The facts are not in dispute. Defendant is a life and casualty insurance company organized under the laws of the state, and operating un-

[1]Reported in 166 N. W. 221.

der the provisions of section 3516, et seq., G. S. 1913. On May 8, 1916, plaintiff applied for and defendant issued to him a policy of accident insurance, thereby obligating itself to indemnify plaintiff for any loss suffered by him in consequence of accidental injury received during the period therein stated. The monthly premiums in consideration of which the policy was issued and continued in force by defendant were payable on the first day of each month, a failure to pay which, unless waived, would result in the forfeiture of all rights under the policy. A premium so fell due on the first of October, 1916, but was not paid until the twentieth of that month. In the meantime, and on the fourteenth, plaintiff received an accidental injury for which he would be entitled to indemnity if the policy was then in force. The payment of the premium after the injury was accepted by defendant, whether with or without notice of the accident to plaintiff, is not important. Plaintiff then presented his claim for indemnity which defendant declined to pay, on the ground that the policy was not in force at the time the injury was received.

It was the contention of plaintiff in the court below, repeated in this court, that the acceptance of the premium on the twentieth, after the injury, was a waiver by defendant of the failure to pay it when due, and an estoppel to interpose a forfeiture in defense to the action. In support of which reliance is had upon the rule laid down in Mueller v. Grand Grove U. A. O. D. 69 Minn. 236, 72 N. W. 48, and other similar cases in this court. The trial court adopted that view of the case and ordered judgment accordingly.

The assignments of error present the single question whether the trial court was in error in the conclusion stated. We answer it in the affirmative.

Prior to the enactment of the statute under which defendant is carrying on its insurance business, above cited, and which as will presently be shown controls the final decision of the case, it had become the settled law of this state, as applied to insurance contracts of this kind, that the payment by the insured of delinquent dues and assessments and the acceptance thereof by the insurer, constitute a waiver of the default and an estoppel to interpose the defense of forfeiture which otherwise would be available as a defense under the terms of the contract. The Mueller case, supra, had consistently been followed and applied in later cases. But

the statute referred to as to corporations acting thereunder authorized the insertion in the policies issued by them of a clause or provision limiting the effect of the acceptance of delinquent dues, which defendant here contends modifies the rule of the Mueller case. The provision so authorized forms a part of the policy in suit, and is as follows:

"If default be made in the payment of the agreed premiums for this policy, the subsequent acceptance of a premium by the company, or by any of its duly authorized agents, shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

The purpose of the legislature in expressly providing for the incorporation of this clause in contracts of insurance of this kind is clear. The language quoted is plain and unambiguous, and will admit of no construction or interpretation other than that contended for by defendant, and as disclosing an intent to change or modify the existing rule on the subject, and to limit and restrict the effect of the acceptance of overdue payments to losses and injuries thereafter suffered by the insured. It clearly excludes liability for previous losses, those suffered during the period of default, by declaring that the acceptance of the payments shall reinstate the policy, but as to the future only. Under the rule of the Mueller case the good standing of the member continued uninterrupted, notwithstanding the default, and recovery could be had on the policy for injuries or death occurring prior to the acceptance of the delinquent payments. Under the terms of this contract the effect of the acceptance of such payments is the creation of a new contract, obligatory upon the insurer for the future only. It was competent for the legislature thus to provide. Plaintiff therefore is not entitled to recover. Gagne v. Massachusetts B. & Ins. Co. (N. H.) 101 Atl. 212.

It is probable that a waiver, such as that applied in the Mueller case, might arise under the terms of this contract, but no facts are here presented to justify that conclusion. No showing is made that defendant ever recognized policies issued by it as continuously in force notwithstanding the default in the payment of premiums when due.

Order reversed.