## LOUISE BIENHOFF v. NORTH AMERICAN ACCIDENT INSURANCE COMPANY.[1]

October 13, 1922.

No. 23,055.

**Insurance—waiver of conditions in policy after breach must be pleaded.**

1. A waiver of the conditions of an accident policy, on account of a breach of the conditions thereof, cannot be relied upon unless pleaded and proved.

**Refusal of agent's offer not equivalent to payment.**

2. An offer by a soliciting agent to deliver a renewal receipt upon a promise by the insured to pay the premium on the following day, where the offer is rejected by the insured, does not amount to a payment of the premium nor a waiver of the terms of the policy.

**Injuries sustained during suspension of policy not covered.**

3. A policy of accident insurance, containing a provision to the effect that, if default be made in payment of the premium, the subsequent acceptance of the premium by the insurer shall reinstate the policy, but only to cover loss resulting from injuries thereafter sustained, *held* to exclude liability for injuries sustained while the policy is under suspension by reason of the default.

Action in the district court for Ramsey county to recover $7,500 upon an accident insurance policy. The answer admitted the injuries, but alleged they were not sustained during the term of the

[1]Reported in 190 N. W. 63.

policy. The case was tried before Olin B. Lewis, J., who at the close of the testimony denied plaintiff's motion for a directed verdict and granted defendant's motion for a directed verdict. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Faricy, McMeekin & Quinn* and *A. J. Hertz*, for appellant.

*O'Brien, Stone, Horn & Stringer* and *Edward St. Clair*, for respondent.

QUINN, J.

Action upon an accident insurance policy, in which a verdict was directed in favor of the defendant, and plaintiff appealed from an order denying her motion for judgment or a new trial.

There is little or no controversy over the facts. Defendant is an accident insurance company organized under the laws of the state of Illinois and duly authorized to transact business in the state of Minnesota. On April 7, 1919, defendant issued a policy of accident insurance to Milton H. Bienhoff, by the terms of which it agreed, among other things, to pay to the beneficiary therein named, the sum of $7,500, if the insured should suffer death as a direct result of bodily injuries sustained through external, violent or accidental means during the life of the policy. The policy expired on April 7, 1920. It contained the following clause:

"It may be renewed, with the consent of the company, from term to term of six months each by the payment of the premium of fifteen dollars ($15.00) in advance."

The premium was paid and the policy kept in force up to April 7, 1920. John R. Carpenter was the soliciting agent for defendant in Minnesota. He had authority to countersign and deliver policies and collect premiums, but was not a policyholder or an officer in the defendant company. On April 3 he wrote Bienhoff that the renewal premium on his policy would be due on the seventh. Bienhoff received the notice. On the tenth Carpenter called on the insured for the premium and Bienhoff told him he would send him a check for the same on the following day. Carpenter then offered

him the renewal receipt, but Bienhoff refused to accept it and the premium was never paid. On April 14, 1920, the insured, while in his automobile, was struck by a train of cars at a crossing and killed, of which due proof was made.

The cause of action, under the pleadings, is based upon the original policy. There is no waiver of any of its provisions pleaded. The answer is a general denial with an allegation that the accident did not occur during the term of the policy. The reply is a general denial.

We do not think the pleadings can fairly be construed as a pleading of facts which would constitute an estoppel, or admit of proof that the defendant had waived any of the provisions of the policy, as contended by appellant. The answer is not sufficient to raise the question of estoppel, or waiver, even if it had been so intended, which appears doubtful. The plaintiff did not attempt to raise such question in her reply. German Ins. Co. v. Shader (Neb.) 96 N. W. 604; Kahler v. Ins. Co. 106 Iowa, 380, 76 N. W. 734; Ward v. Merchants L. and C. Co. 139 Minn. 262, 166 N. W. 221.

The policy contained standard provisions 1, 2 and 3, authorized by section 3524, G. S. 1913. Provision 3 is as follows:

"3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the insurer or by any of its duly authorized agents shall reinstate the policy, but only to cover loss resulting from accidental injury thereafter sustained."

This provision was considered in Ward v. Merchants L. and C. Co. supra, and it was there held that it worked a modification of the rule applied in Mueller v. Grand Grove U. A. O. D. 69 Minn. 236, 72 N. W. 48, and to exclude liability for injuries suffered by the insured when the policy is under suspension by reason of default.

The most that may be said about a credit being extended to the insured, is that Carpenter offered to deliver the renewal receipt, which was refused. This act of the agent was probably not binding upon the company, was unauthorized and did not renew or ex-

tend the policy for any length of time. The rule announced in Wilkins v. State Ins. Co. 43 Minn. 177, 45 N. W. 1, applies. What the situation would have been had the receipt been accepted we do not consider.

Affirmed.