## SUSAN JENNINGS v. TRAVELERS EQUITABLE INSURANCE COMPANY.[1]

May 15, 1925.

No. 24,623.

**Admission of death from injuries sustained inference that they were covered by defendant's policy.**

1. An admission that, as the result of an automobile collision, the deceased sustained injuries from which he died three days later justified the conclusion that the injuries were of the character covered by the accident insurance policy in question and that death resulted therefrom independently of other causes.

**Exemption in policy did not cover driving automobile at excessive speed on wrong side of highway.**

2. A provision exempting the insurer from liability for injuries resulting from "knowingly violating laws or rules of a corporation or firm for safety," does not include injuries sustained while violating the state law by driving an automobile at an excessive speed on the wrong side of a public highway.

1. See Accident Insurance, 1 C. J. pp. 504, 506 (1926 Anno), § 344.
2. See Accident Insurance, 1 C. J. p. 460, § 148 (1926 Anno).

Action in the district court for St. Louis county to recover upon an accident insurance policy. The case came on for trial before Hughes, J., who granted plaintiff's motion for judgment on the pleadings. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*G. A. E. Finlayson,* for appellant.

*George H. Spear* and *James E. Gardner,* for respondent.

TAYLOR, C.

Action upon an accident insurance policy. The court directed judgment for the plaintiff on the pleadings. Defendant appeals from an order refusing a new trial.

[1] Reported in 203 N. W. 966.

The policy provides for the payment of $1,500 to plaintiff in case the death of Robert Jennings, the insured, "shall result from bodily injuries caused and occurring as stated in part A," within 90 days after such injuries are sustained. Part A provides for payment of an indemnity for total disability resulting from "accidental injury due to external, violent and accidental means, of which there shall be external, visible evidence and which shall immediately—and independently of all other causes, prevent the member from performing any and all duties of his occupation."

Defendant contends that the answer does not admit the existence of the facts necessary to establish a right of recovery under these provisions.

The complaint alleges that, on January 11, 1923, the insured sustained injuries in a collision between an automobile in which he was riding and a street car, from which injuries, so sustained, he died three days later. The answer admits that on January 11, 1923, a collision occurred between an automobile driven by defendant and a street car in the city of Duluth, and "that as the result of such collision the said Robert B. Jennings sustained injuries from which he died on January 14, 1923."

The answer further admits that plaintiff had furnished due proof of death and that defendant had denied liability, and then states that defendant "has and does deny such liability upon the following ground and for the following reasons:"

The ground stated is that the accident happened while the insured was violating the law governing the operation of motor vehicles on the public highways and that part K of the policy relieves defendant from liability in such cases.

We think the admission that the insured sustained injuries in the collision from which injuries he died, coupled with the statement that the reason for denying liability was because the insured received such injuries while violating the law, is tantamount to an admission that the injuries were sufficient in character to establish a cause of action under part A of the policy. The admission that the injuries were sustained in an automobile collision and were of

such severity that death resulted from them, justified the court in concluding that there was external and visible evidence of the injuries, and that death resulted from them independently of other causes.

The defense set forth in the answer, and upon which defendant bases its principal contention, is that the accident occurred while the insured was violating the state law by driving at an excessive rate of speed on the wrong side of the street and on the wrong side of a street car, and that part K of the policy exempts defendant from liability for injuries resulting from such accidents.

Part K provides: "No indemnity shall be paid under this policy for death, disability, injury or loss, resulting directly or indirectly from any of the following: Acting as a soldier or sailor, or engaged in war or riot; auto or horse racing; professional sports; *knowingly violating laws or rules of a corporation or firm for safety*; getting on or off of any moving car or conveyance; * * *."

We have italicised the provision on which defendant relies. Defendant insists that the word "laws" in that provision means or at least includes state laws. Plaintiff insists that the context shows that it means the regulations adopted by corporations or firms.

The purpose of paragraph K is to lessen the risks insured against by excluding from the injuries which would otherwise be covered by the policy those sustained in the manner or from the causes specified. The policy was prepared by defendant and its provisions are expressed in language chosen by defendant; and, under universally recognized rules, where doubts arise because the language used is ambiguous or its meaning not clear, such doubts are to be resolved in favor of the insured. Dun. Dig. § 4659. Part K contains a dozen provisions separated from each other by semicolons, each of which exempts the insurer from liability for injuries sustained under the particular circumstances or resulting from the particular cause specified therein. These exemptions are not to be extended by construction. The provision in question reads: "Knowingly violating laws or rules of a corporation or firm for safety." We think that the phrase, "laws or rules of a corporation or firm,"

as here used, cannot properly be construed as including state laws or city ordinances.

Defendant argues that, if it be construed as meaning only the regulations adopted by corporations or firms, the term "laws" is superfluous and meaningless. It is not uncommon to refer to regulations established by corporations as laws of the corporation. In the expression, "laws or rules," the two terms may have been used as interchangeable and for the purpose of designating what are sometimes referred to as laws and sometimes as rules; or one may have been used as applicable to corporations and the other as applicable to firms. Whatever may have been the reason for using the particular language found in this provision, we cannot broaden the phrase, "laws or rules of a corporation or firm," by construction so as to include state laws. Defendant urges that there is more reason for exempting the insurer from liability where a state law has been violated than where a private rule has been violated. Probably true. But these provisions are inserted by the insurer to lessen his risk by excluding from the hazards covered by the general terms of the policy the particular hazards so specified, and such exceptions cannot be extended to exclude hazards other than those clearly pointed out by the language used.

Order affirmed.