CONTINENTAL LIFE INS. CO. *v.* CLANTON.*

(Division B.    Jan. 23, 1928.    Suggestion of Error Overruled March 5, 1928.)

[115 So. 569.   No. 26828.]

1. INSURANCE. *By accepting overdue payments, insurer was precluded from thereafter asserting forfeiture of policy on ground they were not paid when due.*

   By accepting overdue payments from insured, insurer was precluded from thereafter asserting forfeiture of life, accident, and sick insurance policy on ground that they were not paid when due.

2. INSURANCE. *Overdue premium payments took effect from time they were due, kept policy in continuous force, and made grace provision effective.*

   Where life, accident, and sick policy provided for five days' grace for payment of premium after policy was maintained in continuous force for three months, and provided that payment of past-due premium should not continue insurance in force beyond 1st day of succeeding month, and premiums due for second and third months, due 1st of each month, were paid May 7 and June 10 and insured died July 3, overdue payments took effect from time they were due, maintained policy in continuous force, and, under grace provision, policy was in force at time of insured's death.

3. INSURANCE. *Provision relating to accepting overdue premiums as reinstating life, accident, and sick policy did not refer to payment of principal sum in case of death.*

   149 Miss.—19.

Provision of life, accident, and sick insurance policy reading, "subsequent acceptance of past-due premium . . . shall reinstate policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after date of acceptance," did not refer to payment of principal sum in case of death so as to defeat beneficiary's recovery where premiums were not paid when due, but referred to sickness and accident indemnity.

---

*Corpus Juris-Cyc References: Accident Insurance, 1CJ, p. 413, n. 10; Insurance, 32CJ, p. 1348, n. 11; p. 1350, n. 20, 23 New; p. 1351, n. 46 New. Effect of acceptance of check for insurance as preventing forfeiture for nonpayment, see annotation in 40 A. L. R. 419; 14 R. C. L. 1189; 3 R. C. L. Supp. 353; 6 R. C. L. Supp. 863.

APPEAL from chancery court of Rankin county.

HON. G. C. TANN, Chancellor.

Suit by Lena Clanton against the Continental Life Insurance Company. From a decree for plaintiff, defendant appeals. Affirmed.

*S. L. McLaurin,* for appellant.

Appellee relies solely on the "five days of grace" clause in section "F" of the "Special Provisions" of the policy. This clause does not apply as the policy was not maintained in "continuous force" for three consecutive months. The policy lapsed May 1, 1926, on default in the payment of premium then due. Payment of premium May 6, 1926, reinstated the policy. The policy again lapsed June 1, 1926, on default in payment of the premium then due; and was reinstated June 10, 1926, on payment of premium due June 1, 1926. Furthermore, it is expressly provided by section "C" of the "Special Provisions" of the policy, last sentence, that: "The payment of any past due premium shall not continue this insurance in force beyond the first day of the succeeding month." Also by "section 3" of the "Standard Provisions" of the policy it is expressly provided that if the policy be reinstated by payment of premium after de-

fault the reinstatement applies only to sick benefits and accidental death, and not to death resulting from natural causes. When the provisions of the policy are plain, as in this case, the courts should construe the contract according to its meaning and not undertake to make contracts for the parties which they never intended to make for themselves. (*Thompson* v. *Insurance Company,* 26 L. Ed. 765.)

*W. E. McIntyre,* for appellee.

The insurance policy here sued upon had either been in force continuously for three consecutive months, or the insured was paying for insurance which he did not get. If there were a forfeiture of the policy upon the failure to make the payments as they fell due, such forfeiture was waived by the insurer subsequently accepting the premiums when paid to it. The acceptance of the past due, or overdue, premiums "continues the original insurance as if no cause of forfeiture had occurred." See 32 C. J. 1356. The insurer accepted all premium payments when made by the insured, and thus the policy was continuously in force. If it was in continuous force for three consecutive months, then under section F. of the Special Provisions of the policy, the insured was granted five days within which to make the premium payment due on July 1st., and he died within that grace period. "Any clause in any order which contracts against the effect of acts on their part which would create an estoppel on the part of individuals is in contravention of the law and void." *Morgan* v. *Independent Order, etc.,* 90 Miss. 864; *Lord* v. *Society,* 88 N. W. 876; *Reid* v. *Knights of Honor,* 80 N. Y. App. 609; *Ins. Co.* v. *Wood,* 96 So. 250.

ANDERSON, J., delivered the opinion of the court.

Appellee filed her bill in the chancery court of Rankin county against appellant on a life, accident, and sick

insurance policy held by her husband, Jesse Clanton, at the time of his death, to recover the principal sum of two hundred fifty dollars named in said policy, which policy provided, upon certain conditions named therein, that said sum should be paid to appellee in event of the death of her husband. The case was tried on bill, answer, and agreed facts embodied in writing and made a part of the record. The stipulations of the parties covering the facts were as follows:

"It is agreed by and between the attorney for the complainant, and the attorney for the defendant, for the purpose of the trial of the above cause, that the following statement is a true, complete and full statement of all the facts in said cause, and that the said cause shall be submitted to the court for judgment upon the said statement alone: That, on the 23d day of March, 1926, the Continental Life Insurance Company, through its lawful agents, executed and delivered to Jesse Clanton, a policy of insurance, being policy No. LU 201416, a copy of which is filed herewith marked Exhibit A, and made a part of this agreed statement as fully as if it were set out herein in detail. That the principal sum of the said policy was two hundred fifty dollars. The policy is made a part of this agreement. That the complainant, Lena Clanton, was the beneficiary in said policy of insurance. That the insured, Jesse Clanton, paid, upon delivery of the policy, the premium due 'until ten o'clock noon, Standard time, of the 1st day of May, 1926.' That on the 6th day of May, 1926, the advance monthly payment of two dollars and thirty cents was made by the insured and accepted by the defendant. That on the 10th day of June, 1926, the advance monthly payment of two dollars and thirty cents was made by the insured to the defendant and accepted by the defendant. That the monthly payment due under said policy was two dollars and thirty cents. That the insured, Jesse Clanton, died on the 3d day of July, 1926, in Rankin county, Miss., and proof of death was promptly made by the beneficiary, the complainant here-

in, to the defendant company, and demand made for the payment of the said insurance, which was refused by the defendant: That the payment made upon the delivery of the policy as of March 23, 1926, the payment of May 6, 1926, the one of June 10, 1926, constitute all the payments made upon the said policy of insurance. That said policy became effective on March 23, 1926.''

There was a decree for the appellee for the amount sued for, from which decree the appellee prosecutes this appeal. As shown by the agreed facts, the policy was issued and delivered March 23, 1926, and the advance premium was then paid. This kept the policy in force until May 1, 1926. The monthly premiums were due May 1, 1926, and on the 1st days of each month thereafter. The premium due May 1, 1926, was not paid until May 6, 1926, the one due June 1, 1926, was not paid until June 10, 1926, and the one due July 1, 1926, was never paid. The insured died July 3, 1926.

Section F of the ''special provisions'' of the policy reads as follows:

''After this policy has been maintained in continuous force for not less than three consecutive months, the company will give a grace of five days for the payment of any subsequent premium, and during this period of grace the insurance hereunder shall continue in force without the payment on the premium, but subject otherwise to all the provisions, conditions and limitations of this policy.''

The last sentence of C of the ''special provisions'' of the policy is as follows:

''The payment of any past-due premium shall not continue this insurance in force beyond the 1st day of the succeeding month.''

Paragraph 3 of the policy, under the caption ''Standard Provisions,'' is in this language:

''If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the past-due premium by the company, or by any of its duly

authorized agents, shall reinstate the policy but only to cover accidental injury thereafter sustained, and such sickness as may begin more than ten days after the date of such acceptance.''

Appellant's contention is that the policy was avoided, and therefore appellee was not entitled to recover thereon, because at the time of the default in the payment of the premium due July 1, 1926, the policy had not been maintained in continuous force for as much as three consecutive months. That default in the payment of the premiums due the 1st days of May, June, and July, 1926, caused lapses in the policy for the space of time between the dates of such payments and the dates they were due; in other words, that the acceptance by appellant of the overdue premiums did not have the effect of keeping the policy in continuous force from its date to the time of the death of the insured, but only had the effect of renewing the policy from the time of such payments and the acceptance thereof by appellant.

By acceptance of the overdue payments from the insured, the appellant was precluded from thereafter asserting a forfeiture of the policy upon the ground that they were not paid when due. Each of the overdue payments related back to, and took effect from, the time it was due. 32 C. J., p. 1348, section 624; *Morgan* v. *Independent Order Sons and Daughters of Jacob,* 90 Miss. 864, 44 So. 791. Therefore, between the dates of the payment of the overdue premiums and the dates they were due, there was no suspension of the insurance. That could have happened only by appellant taking advantage of the nonpayment of the premiums by refusing to accept them when tendered. It follows that on July 1, 1926, the policy had been in continuous force for more than three months, and that under section F of the "special provisions" of the policy, the five days of grace for payment of the premium due on that date had not expired, and, the insured having died within the five days

of grace, the policy was in full force at the time of his death.

Appellant contends that, under section 3 of the "standard provisions" of the policy, the appellee was not entitled to recover the principal sum for the death of the insured, notwithstanding the fact that appellant accepted payment of the overdue premiums, because of the provision in said section that the "subsequent acceptance of the past-due premiums by the company, or by any of its duly authorized agents, shall reinstate the policy, but only to cover accidental injury thereafter sustained, and such sickness as may begin more than ten days after the date of such acceptance."

We do not agree with appellant's construction of that provision of the policy. The policy provides for the payment to the beneficiary, in case of the death of the insured, the principal sum of two hundred fifty dollars, a monthly accident indemnity of thirty dollars, and a monthly sickness indemnity of thirty dollars. The purpose of section 3 of the "standard provisions" of the policy was to provide that, where the appellant accepted past-due premiums from the insured, the indemnity for sickness should only become payable when such sickness began more than ten days after such acceptance, and that the accident indemnity should not become payable unless such accident should be thereafter sustained, and has no reference to the payment of the principal sum of two hundred fifty dollars in case of death of the insured. To illustrate, the first advance premium was due on May 1, 1926, and was not paid until May 6, 1926. If the insured had received an injury between those two dates, under the provisions of the policy he would not have been entitled to recover the monthly accident indemnity of thirty dollars, and he would not have been entitled to recover the monthly sickness indemnity of thirty dollars if such sickness had begun within ten days after the payment of, and acceptance by appellant, such overdue premium.

It follows from these views that the decree of the court below should be affirmed.

*Affirmed.*

Pack, J., took no part in this decision.