# SUSAN JENNINGS v. TRAVELERS EQUITABLE INSURANCE COMPANY.[1]

February 17, 1928.

No. 26,213.

**Upon an accident policy no accumulation benefit was recoverable.**

A policy of accident insurance provided for an accumulation benefit in case the policy should be "maintained in continuous force by the payment of the premiums on or before the dates due" for the required period. The period immediately preceding the accident giving rise to the cause of action was interrupted by a premium delinquency for four days. The premium was finally paid and accepted subject to all the terms and conditions of the policy. Notwithstanding that the policy was reinstated, there was no waiver of the condition that the policy had to be kept in continuous force "by the payment of the premiums on or before the dates due." In consequence there can be no recovery of the accumulation benefit.

Accident Insurance, 1 C. J. p. 413 n. 12 New.

Defendant appealed from an order of the district court for St. Louis county, Magney, J. denying its motion for a new trial. Reversed.

*G. A. E. Finlayson* and *Bjorklund & Andre,* for appellant.

*George H. Spear* and *James E. Gardner,* for respondent.

STONE, J.

This action to recover for the death of the insured under a policy of accident insurance has been here before. 163 Minn. 267, 203 N. W. 966. The one question now is whether there can be recovery of an "accumulation" benefit. A jury was dispensed with and findings and order for judgment made for plaintiff. Defendant appeals from the order denying its motion for a new trial.

The insured suffered accidental injury on January 11, 1923, which proved fatal three days later. An annual premium fell due under the policy on December 1, 1922. It was not paid until December 4,

[1]Reported in 218 N. W. 104.

so that in the interim the policy lapsed. The payment of the premium and its acceptance by defendant reinstated the policy subject to the standard policy provision that:

"If default be made in the payment of the agreed premium * * * the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin' more than ten days after the dates of such acceptance."

Payment of a delinquent premium had the effect of "renewing" the policy, subject to all its provisions and conditions, the reinstatement taking effect (subject to the absence of liability for intervening sickness or accident) as of the date when the premium was due rather than on the date of payment.

The accumulation benefit is provided for and conditioned by the following language of the policy:

"For each period of six consecutive months, immediately preceding the date of the accident, that this policy shall have been maintained in continuous force by the payment of the premiums on or before the dates due, five per cent. shall be added to the original specific amount payable for any loss * * * sustained by the insured, but such additions shall never exceed fifty per cent. of such original amount."

The standard provision above quoted, limiting the effect of the reinstatement of a policy by the acceptance of a past due premium, is authorized by statute. G. S. 1923, § 3417 (3) (C); (L. 1913, p. 181, c. 156, § 3). In the absence of such a provision, the acceptance of past due premiums may constitute such a waiver of the conditions of the policy as to avoid a forfeiture of benefits otherwise accrued. Mueller v. Grand Grove, 69 Minn. 236, 72 N. W. 48; Davis v. National Cas. Co. 115 Minn. 125, 131 N. W. 1013. As stated in the latter case, the effect of the acceptance of a past due premium on a personal accident policy, renewable from period to period by the payment of the premium, is to waive "at least as to such pre-

mium, the conditions of the policy requiring payments to be made" at the period stated in the policy and to waive also "the provision that nonpayment rendered the policy null and void." The conclusion was that, notwithstanding the delinquency of a premium, subsequently paid and accepted, the policy had been in "continuous force" so as to save to the beneficiary a cash benefit accruing after the policy had been " 'in continuous force without delinquency' for the term of ten years from its date." It is upon the doctrine of that case that plaintiff's position is based.

Defendant answers with Ward v. Merchants Life & Cas. Co. 139 Minn. 262, 166 N. W. 221. That was an action, not for any special benefit but for indemnity provided for accidental injury. A premium had been delinquent. During the resulting lapse the injury occurred. Subsequently the premium was paid and accepted. The holding was, the policy containing the standard provision above quoted, that there could be no recovery. Plainly the effect of the conceded reinstatement of the policy was limited to accidental injury sustained after the payment and its acceptance, recovery for injury suffered in the interim of lapse being expressly excluded. The court was of the opinion that the purpose of the statute was to modify the rule of the Mueller case [69 Minn. 236]. "Under the rule of the Mueller case the good standing of the member continued uninterrupted, notwithstanding the default, and recovery could be had on the policy for injuries or death occurring prior to the acceptance of the delinquent payments." [139 Minn. 264.]

It is with respect to that precise subject matter, that is, injuries or death occurring prior to the acceptance of the delinquent payments, that the next utterance of the court must be read. It is this: "Under the terms of this contract the effect of the acceptance of such payments is the creation of a new contract, obligatory upon the insurer for the future only." To give that dictum a broader scope and one independent of both its subject matter and context is not permissible. As limited by both subject matter and context, it means that, with respect to accident or death occurring during a lapse, a new contract is in effect the result of a subsequent payment and acceptance of the premium. The old contract not having

been in force as to such accident or death, there can be no recovery. But it does not follow that when a delinquent premium is paid and accepted, an accident policy cannot be reinstated with respect to benefits other than those for accidents during the period of the lapse. It is only recovery for accident or sickness during the lapse (including sickness beginning within ten days thereafter) that is expressly prevented by the standard policy provision in question.

But even that view cannot control here, for it remains that the accumulation benefit is payable only in the case of the policy's being, for the necessary period, "maintained in continuous force by the payment of the premiums on or before the dates due." The acceptance of the delinquent premium was expressly "subject to all the provisions and conditions of said policy." Moreover, by the insuring clause, all extensions (i. e. renewals) of the policy by the payment of premiums after the first are subject to "all the provisions and conditions hereinafter set forth." So no waiver has yet appeared of the condition that in order to entitle the beneficiary to the accumulation benefit the policy must be maintained, as just stated, "in continuous force by the payment of the premiums on or before the dates due."

It would be easy enough to reason around the requirement that the policy be kept in continuous force, for when the delinquent premium was accepted the resulting reinstatement took effect retroactively as of December 1. If that were all, plaintiff's right to the accumulation benefit would be reasonably clear. But there is no way of escaping the condition that the maintenance of the policy, required to continue the accumulation benefit, had to be by the payment of premiums on or before they became due. Nothing has been done to waive that condition. Defendant is entitled to insist upon it, and so plaintiff cannot recover.

Order reversed.

HOLT, J. (dissenting).

I dissent. Applying the ordinary rule to this policy framed by defendant, that ambiguities or uncertainties therein must be construed most favorably to the insured, it should be held that the

payment and acceptance of the premium on December 4 reinstated the insured fully to all rights, including the right to accumulations, except as clearly provided by the provision first quoted in the opinion (and the funeral benefits hereafter referred to). That exception was authorized by statute, G. S. 1923, § 3417(3). In the provision of the policy referred to there is no forfeiture clause of the right to share in accumulations. The policy also contains benefits termed "Increased Indemnities and Funeral Benefits," conditioned upon the payment of premium without lapse or delinquency, but it is to be noted that as to such benefits the policy provides: "The acceptance of any past due or delinquent premium payment shall not operate as a waiver of this provision." No such clause is contained with reference to the provision upon which this action is founded. It seems to me the company in framing this policy has injected uncertainty as to the effect of the acceptance of the premium after the due date upon the right to accumulations.

But more than that. It should be held that by its course of business the company has construed an acceptance of a premium before the fifth of the month as in time. The card record introduced in evidence (but neither printed nor returned to this court) shows, so far as we infer from the testimony, no default or delay in the payment of the premiums on this policy. The notice sent the insured did not suggest that delay in the payment of the premium would forfeit rights in the accumulations, but did state what the effect would be in respect to "disability originating during a period of delinquency." The company kept no record of the date upon which the premium was paid to the local agent, and so far as we know required him to keep none. And it was the established practice to have the local agent delay sending in to the company the premiums collected until the fifth of the month. It would seem that this is a practical construction as to what is considered delinquency by the company, or as to the effect of the payment and acceptance of a premium after the due date upon the rights of an insured to accumulations.