Marie Benoist, Appellee, v. Business Men's Assurance
Company of America, Appellant.

Opinion filed March 13, 1939.

CURTIS WILLIAMS, of Mt. Vernon, and SOLON T. GIL-
MORE, of Kansas City, Mo., for appellant.

GILBERT & GILBERT, of Mt. Vernon, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

On July 31, 1926, defendant appellant issued its in-
surance policy to Charles G. Benoist, husband of plain-
tiff appellee. The pertinent provisions of said policy
are as follows:

"Business Men's Assurance Company of America
hereby insures Charles G. Benoist, whose occupation is
Partner Hardware Store against loss resulting from
bodily injuries, effected solely through accidental
means, and against loss resulting from sickness con-
tracted after fifteen days from the date hereof, subject
to the provisions and limitations hereinafter con-
tained. . . . Article III . . . Principal Sum
$5,000.00. . . . For Loss of Life. . . . The Prin-
cipal Sum.

"ADDITIONAL PROVISIONS . . . ARTICLE XII. 1.
This insurance is issued in consideration of the appli-

cation hereof, a copy of which is attached hereto and made a part hereof, and the payment in advance of $13.50, as the premium covering the period ending November 1, 1926. The insured may, with the consent of the Company, renew the policy for a period of twelve months by the payment of an annual premium of $46.00, or for a period of six months by the payment of a semi-annual premium of $23.00, or for a period of three months by the payment of a quarterly premium of $11.50. Annual premiums shall be due on the first day of November; semi-annual premiums on the first day of November and May and quarterly premiums on the first day of November, February, May and August of each year, beginning with November 1, 1926. A grace period of fourteen days, during which period the insurance hereunder shall remain in full force and effect, will be allowed in payment of all premiums after the first. If any premium has not been received at the Home Office of the Company in Kansas City, Missouri, or by a duly authorized agent of the Company, by 6 :00 o'clock P. M. Standard Time, on the fifteenth day of the month in which it was due, this policy shall expire at that hour.''

''STANDARD PROVISIONS . . . ARTICLE XI. . . . 3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium by the Company, or by any of its duly authorized agents, shall reinstate the policy, but only to cover accidental injuries thereafter sustained, and such sickness as may begin more than ten days after the date of such acceptance.''

''PRINCIPAL SUM BENEFITS INCREASE ANNUALLY— MAXIMUM INCREASE 50%. ARTICLE V. After this policy has been in continuous effect for one year, there shall be added during each year thereafter that it is kept in continuous effect, ten per cent of the Principal Sum until such additions equal fifty per cent of the

Principal Sum. Thereafter as long as the policy is kept in continuous effect the amount insured shall be the amounts specified under Article III., plus the fifty per cent accumulations.''

Insured died February 8, 1937, from accidental means.

Insured paid the premiums provided for in the policy in quarterly instalments of $11.50 each. During the life of the policy from July 31, 1926, until February 8, 1937, the time of the death of the insured, there were 43 of these instalments due and all were paid. Thirty-one of these quarterly payments were received on or before the 15th day of the month in which they were due. Twelve of these quarterly premiums were received by the company after the 15th day of the month in which they were due. These last 12 payments were those for the months of November, 1926, February and May, 1928, November, 1930, May, 1931, May and November, 1932, February and May, 1933, May, August and November, 1934. The policy, accordingly, lapsed on the 15th day of each of these months, and on each occasion was subsequently reinstated when the late premium was received by the company.

Suit was brought by plaintiff appellee in the circuit court of Jefferson county for the amount of $6,769.57, being the face of the policy with its claimed accumulations. Before judgment $6,000, the amount of the face of the policy and $1,000 of accumulations,—the amount defendant claimed it owed, was paid into court and received by plaintiff appellee. The case was tried before the court without a jury as to the balance claimed by plaintiff by reason of accumulations on the policy, to wit, $1,769.57, being, as claimed, the sum of $1,500 due under the policy with interest on the sum of $6,000 from May 1, 1937 to December 29, 1937, at the rate of 5 per cent, amounting to $198.33; and interest on the sum of $1,500 from May 1, 1937 to April 13, 1938, at the rate of 5 per cent amounting to $71.24.

The court found the issues for plaintiff appellee and assessed her damages at the sum of $1,769.57. Judgment was rendered thereon, and defendant appellee brings the case here by appeal.

These 12 quarterly payments which were paid by the insured and accepted by the defendant appellant would make a period of about 3 years. Running over that length of time, and accepting the payments when they were past due without any apparent objection and without any word to the insured looking towards forfeiture, or any steps in that direction, seems to us by consent and agreement and practice to establish a different system of payment than that provided in the policy. We are, therefore, of the opinion that the defendant waived the payments as provided in the policy and consented to a different system of payment which would estop it from saying now that the policies were not in continuous force. This conclusion finds support in the case of *Illinois Life Ass'n v. Wells,* 200 Ill. 445, in which it was said "if payment was actually made, even though not according to the terms of the policy, the company could certainly not thereafter insist upon a forfeiture for failure to pay promptly." A case directly in point is *Davis v. National Casualty Co.,* 115 Minn. 125, 131 N. W. 1013. The Supreme Court of Minnesota in that case used the following language with reference to a policy which is substantially, if not exactly, like the one on which this suit is based:

"We hold that the defense is without merit. The company, by accepting the past-due premium, waived, at least as to such premuim, the condition of the policy requiring payments to be made before the 10th day of the month and waived the provision that nonpayment rendered the policy null and void and we cannot hold that there was a delinquency, or that the policy was not in continuous force within the meaning of the clause in question."

We are of the opinion, all things considered, that this policy must be held to have been in continuous effect from the time of its issuance until the death of the assured. It necessarily follows, therefore, that defendant owes to plaintiff the amount found to be due by the trial court. The judgment of the trial court is affirmed.

*Judgment affirmed.*