L. MICHEL PLUMBING AND HEATING CORPORATION, Plaintiff, *v.* (AMERICAN) LUMBERMENS MUTUAL CASUALTY COMPANY OF ILLINOIS, Defendant.

City Court of the City of New York, Trial Term, Bronx County, September 29, 1943.

*Louis Bennett* for plaintiff.

*James S. Brassel* and *Edward Ash* for defendant.

BONEPARTH, J. Defendant issued to plaintiff three policies of insurance. Dividends were declared, payable to certain policyholders. Defendant did not pay to plaintiff any dividends on these policies and plaintiff sues. Defendant contends that plaintiff did not comply with all of the provisions and conditions required of a policyholder for participation in the dividend, as provided in the insurance contract.

The policies provide: " This is a participating policy under which the Board of Directors may in its absolute discretion, subject to the charter, by-laws, classifications and resolutions relating thereto, determine and pay dividends * * * to the insured."

A resolution of the board of directors which was in full force and effect, provided, in part, as follows: " That no refunds of dividend * * * shall be payable to policyholders * * * unless the terms of the policy with respect to the payment of premiums shall have been fully complied with, it being expressly understood * * * that payment following legal proceedings for collection * * * shall not constitute such compliance ".

On October 13, 1941, the defendant, after a default in the payment of premiums, instituted an action against the plaintiff herein, as defendant, for the balance of premiums due on the policies.

These premiums were not paid until October 15, 1941, after suit therefor was commenced, when the full amount demanded in the complaint (less broker's commissions) was paid.

Under this state of facts, plaintiff would not be entitled to any dividends.

Plaintiff seeks to meet this situation, by the contentions, (1) that compliance with these provisions and resolutions was waived; (2) that the suit for premiums was " not instituted in good faith " and (3) that the resolution of the board of directors of the defendant was inequitable, arbitrary and in short, invalid.

As to plaintiff's third contention, the court finds and determines that the resolution of the board of directors has not been shown to be unreasonable or invalid.

A mutual insurance company may by its rules or by-laws provide that the right to dividends shall be conditioned upon the actual payment of premiums. In *Bryant* v. *Mutual Ben. Life Ins.* Co. (109 F. 748) the court said at page 756: " in a contract like the one in question, I have no doubt of the right of the company to make the policy holder's claim to a dividend for any year depend upon the prompt payment of his premium ".

In *Petrie* v. *Mutual Benefit Life Ins. Co.* (92 Minn. 489) referring to a resolution of the board of directors, providing that payment of a dividend, shall be upon condition that premiums be paid, the court said at pages 495–496: " The directors were authorized, as the representatives of the company, to take any reasonable action, based upon the experience of the company and other companies of a similar character, to guard against the uncertainties of the future. \* \* \* and, if experience had shown that the tendency was for policy holders to neglect to pay their annual premiums while anything remained to their credit in the nature of dividends which might be applied to extend their insurance, it was a reasonable and wise precaution to guard against it by requiring the payment of the annual premium as a condition precedent to receiving credit for the dividend. We are unable to see wherein appellant was discriminated against. The policy under consideration was not thereby placed in a class by itself, but the resolution applied to all policy holders, and all were subject to the same contingency. While these propositions seem to be elementary and require the citation of no authority, the following cases are elucidations of the subject: Beveridge v. New York, 112 N. Y. 1, 19 N. E. 489; Williams v. Western, 93 N. Y. 162; Ely v. Sprague, 1 Clarke, Ch. 351; Greeff v. Equitable, 160 N. Y. 19, 54 N. E. 712; Bryant v. Mut. Ben. Life Ins. Co. (C. C.) 109 Fed. 748." (See, also, *Empire Life Ins. Co.* v. *Wier,* 135 Ga. 130 and 2 Joyce on Insurance, § 1166, p. 2274.)

. Plaintiff argues that this resolution of the board of directors is invalid, insisting that it imposes a forfeiture or penalty, and that the loss of dividends, or forfeiture, results from the act of the insurance company, in commencing the legal proceedings; and that a policyholder could be deprived of his dividends " by the institution of an unwarranted action " for premiums.

Such a construction of that part of the insurance contract, to wit, the resolution of the board of directors is strained and unwarranted. " Every contract implies good faith and fair dealing between the parties to it. The courts avoid, if possible, any construction of a contract that is unreasonable or inequitable, and especially one that will place one of the parties at the mercy of the other. (*Simon* v. *Etgen,* 213 N. Y. 589.) ' Contractual obligations are fixed solely by the parties, and the language of a business contract must be construed in the light of what a business man would reasonably expect to give or receive, to perform or suffer, under its terms.' (*Shirai* v. *Blum,* 239 N. Y. 172.) " (*Campbell* v. *State of New York,* 240

App. Div. 304, 309. See, also, *Luftig* v. *Travelers Ins. Co.*, 253 App. Div. 538, 542, affd. 279 N. Y. 725.)

Reading the resolution in question, as a whole, in the light of these principles, it is apparent, that the right to dividends is lost, when there is a default, by the policyholder in the payment of premiums, as provided by the policy; that no dividend is payable " unless the terms of the policy with respect to the payment of premiums shall have been fully complied with ". So that it is the default of the policyholder, and not the subsequent commencement of legal proceedings by the company, which determines the loss of dividends. In such a situation, the right to dividends is lost, before suit is commenced.

The resolution then continues: " it being expressly understood * * * that payment following legal proceedings for collection * * * shall not constitute such compliance ". This does not mean that the mere act of the company in commencing legal proceedings for collection in any way affects or alters the status of the policyholder as to dividends, before suit is commenced. The reasonable construction of this clause is, that the payment of the premium, under such circumstances, shall not be construed as a waiver of any default in payment, which preceded the commencement of legal proceedings.

Ordinarily, the payment of a premium on a policy, after a default, and the acceptance by the company of such payment, waives the default.

" Where the company impliedly recognizes the continuing binding effect of a policy by acceptance or enforcement of payment of a premium, it is precluded from thereafter asserting a breach or a ground for forfeiture, of which, at the time, it has knowledge." (32 C. J., Insurance, § 624, p. 1348; *Divita* v. *New York Life Ins. Co.*, 244 App. Div. 498, 505; *New Jersey Manufacturers' Cas. Ins. Co.* v. *Love*, 11 N. J. Misc. 48.)

" Where, although the company accepts the payment of a premium, it is with knowledge upon the part of the insured that the company intends to insist upon a ground of forfeiture, there is no waiver." (32 C. J., Insurance, § 624, p. 1349; *Fidelity Mut. Life Ins. Co.* v. *Price*, 117 Ky. 25; *Jones* v. *Travelers' Protective Assn.*, 70 F. 2d 74; *Continental Life Ins. Co.* v. *Clanton*, 149 Miss. 289.)

In *Jennings* v. *Travelers Equitable Ins. Co.* (173 Minn. 547) the policy provided: " If default be made in the agreed premium * * * the *subsequent acceptance of a premium* by the Company or by any of its duly authorized agents shall reinstate the policy *but only* to cover accidental injury there-

after sustained and such sickness as may begin more than ten days after the dates of such acceptance." (Italics ours.)

There was a further provision in the policy, providing for an additional benefit, which read as follows: " For each period of six consecutive months, immediately preceding the date of the accident, that this policy shall have been maintained in *continuous* force by the payment of the premiums on or before the dates due, 5 per cent. shall be added to the original specific amount payable for any loss * * * sustained by the insured, but such additions. shall never exceed 50 per cent. of such original amount." (Italics ours.)

There was a default in the payment of the premium, which was thereafter paid, and insured died after the payment of the defaulted premium. The question before the court was as to whether the accumulation benefits, payable, if the policy was maintained in continuous force, should be paid. The court said at page 548, " In the absence of such a provision, the acceptance of past due premiums may constitute such a waiver of the conditions of the policy as to avoid a forfeiture of benefits otherwise accrued." And the court concluded (p. 550) : '' But there is no way of escaping the condition that the maintenance of the policy, required to continue the accumulation benefit, had to be by the payment of premiums on or before they become due. Nothing has been done to waive that condition. Defendant is entitled to insist upon it, and so plaintiff cannot recover ''.

The clause in the resolution, in the instant case, that payment following legal proceedings shall not constitute compliance with the terms of the policy as to payment, is another way of saying that such payment shall not be a waiver of a default, theretofore suffered, so far as the right to dividends is concerned. The clause is not arbitrary; it applied to all policyholders alike.

Nor can an unwarranted action for premiums, that is, an action, where there has been no default, have the effect of depriving a policyholder of his dividends. For, as hereinbefore pointed out, it is the default in payment according to the terms of the policy, which effects a loss of the right to dividends. If there has been no default, the right to dividends remains.

It is not unreasonable or inequitable to say that a policyholder, who, by his default, compels the company to take from its funds the expense of a legal proceeding, shall not by payment, after default and after suit, wipe out his default, so as to share in the surplus available for dividends.

In the instant case, there is no abuse of discretion in the adoption of the resolution attacked, and the court cannot inter-

fere with discretion, so exercised. (*Rhine* v. *New York Life Ins. Co.,* 273 N. Y. 1, 8; *Greeff* v. *Equitable Life Assur. Soc.,* 160 N. Y. 19, 32.)

During the trial, testimony was offered and received as to certain conversations, alleged to have been had between plaintiff's witness and employees of the defendant. To this testimony, defendant objected, and the ruling on this objection was reserved. This testimony will be received and the objection of the defendant overruled, with exceptions to defendant, on the following ground. This testimony is not received, however, in connection with the claim of a waiver of the provisions of the policies in question, as to payment of premiums. Plaintiff has failed to sustain the burden of proving that the officers, or employees of defendant, with whom the conversations are alleged to have been had, possessed the authority to waive the policy provisions in question, either orally or in writing. (*Messelback* v. *Norman,* 122 N. Y. 578; 8 Couch on Insurance, § 2238.) The testimony is received, however, under the contention and claim set forth in paragraph " Third " of plaintiff's reply, to wit, the institution of the suit for premiums, in good faith.

On the whole case, the court finds that the plaintiff has failed to sustain any of its contentions by a fair preponderance of the evidence. Accordingly, defendant's motion to dismiss the complaint, at the close of the whole case, is granted, and judgment is directed to be entered for the defendant, with exception to the plaintiff.