**Paul W. WELD, et al., Respondents,**

v.

**MIDAMERICA MUTUAL LIFE INSURANCE COMPANY, Appellant.**

No. C0–85–2026.

Court of Appeals of Minnesota.

April 15, 1986.

Thomas D. Jensen, Kay Nord Hunt, Minneapolis, for respondents.

Wayne P. Dordell, St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

**OPINION**

SEDGWICK, Judge.

Respondents Paul and Ellen Weld sued appellant MidAmerica Mutual Life Insurance Company (MidAmerica) to recover benefits under an accident and health insurance policy. The trial court granted

Welds' motion for summary judgment. Mid-America appeals. We affirm.

## FACTS

Respondent Paul Weld applied for an accident and health insurance policy with appellant on April 20, 1983. MidAmerica issued the policy on April 28, 1983. The policy was renewable, and premiums were due on a monthly basis. The first renewal date was May 28, 1983.

The policy provides for a 31 day grace period during which the policy remains in effect even though the premium is not paid. If the premium is not paid within the grace period, the policy lapses but may be reinstated pursuant to the reinstatement provision, which provides:

If a premium is not paid within the time granted you for payment, a later acceptance of premium by us * * * shall reinstate the policy.

The reinstated policy shall cover only loss resulting from injury sustained after the reinstatement date and loss due to sickness which begins more than 10 days after such date. In all other respects both of us shall have the same rights we had before the date of the defaulted premium * * *.

The premium due April 28, 1984, was not timely paid, nor was it paid within the grace period. However, MidAmerica accepted the premium on June 1, 1984, and reinstated the policy. Premium payments were made thereafter on June 26, 1984, August 3, 1984, August 29, 1984, and October 19, 1984.

On October 14, 1984, respondent injured his left index finger, and received medical treatment. He submitted a claim to appellant, who denied coverage. Respondents sued.

The trial court granted respondents' motion for summary judgment. Respondent successfully argued that his June 1 payment established a new policy term, making payments due the first of each month. Hence, the August 29 payment extended coverage through September, and the October 14 accident occurred within the 31 day grace period.

## ISSUE

Did the trial court err in concluding that reinstatement of the policy created a new policy term beginning on the date of reinstatement?

## ANALYSIS

Appellant argues that the original premium due date (the 28th of each month) remains in effect after reinstatement of the policy. Thus, the premiums paid after the June 1 reinstatement were timely until the premium due August 28. Because this premium was not paid until October 19, it was beyond the grace period (which extended coverage until September 29) and the policy lapsed. Accordingly, respondent's injury occurred during the lapse and there was no coverage.

The reinstatement provision of this policy is substantially the same as that required by Minn.Stat. § 62A.04, subd. 2(4) (1984). However, the policy does not include the optional statutory language which provides:

Any premium accepted in connection with a reinstatement shall be applied to a period for which premium has not been previously paid, but not to any period more than 60 days prior to the date of reinstatement.

*Id.*

Appellant argues that it should be allowed to apply the delinquent premiums retroactively and keep the original policy term in effect even though the policy does not include the optional statutory language. Appellant relies on *Jennings v. Travelers Equitable Insurance Co.*, 173 Minn. 547, 218 N.W. 104 (1928).

*Jennings* was a suit for recovery of accumulation benefits under an accident policy. The policy had lapsed for nonpayment of the premium, but was reinstated by acceptance of the past due premium. The reinstatement provision in *Jennings* was very similar to the one in this case. The

court indicated in dicta that reinstatement would be effective as of the date the premium was due rather than the date it was received. *Id.* at 548, 218 N.W. at 104. However, there was no coverage because the policy required that premiums be paid on or before the due date to continue the accumulation benefit. *Id.* at 550, 218 N.W. at 105.

*Jennings* limited an earlier case that broadly stated that reinstatement creates a new contract prospective in effect. *See Ward v. Merchants Life & Casualty Co.,* 139 Minn. 262, 166 N.W. 221 (1918). The court interpreted *Ward* to mean, with respect to accidents occurring during a lapse, a new contract results on reinstatement and thus these accidents are not covered. Nonetheless, benefits other than those specifically excluded by the policy language remain in effect. 173 Minn. at 549–50, 218 N.W. at 105.

These cases are not controlling here. None of the cases deals directly with the effect of reinstatement on the term of the policy. *Ward* and *Jennings,* read together, stand for the proposition that additional benefits may remain in effect after reinstatement even though coverage during the lapse is excluded.

The trial court here relied on *McEwen v. State Farm Mutual Insurance,* 281 N.W.2d 843 (Minn.1979). *McEwen* involved the question of whether a new policy date had been established for an automobile insurance policy. The court stated that the acceptance of a premium after the previous contract had expired could imply a new policy date. *Id.* at 846. The court went on to note:

"In connection with health and accident policies the prevailing rule seems to be that reinstatement has a prospective effect dating from the time of reinstatement. The theory underlying this rule is predicated, inter alia, on the view that reinstatement is, in effect, a renewal for another term, creating a new contract prospective in nature, and, as reinstated or renewed, the policy covers losses thereafter sustained. Equally per-

suasive to the courts is the knowledge that a retroactive dating would unjustly deprive the insured of insurance protection for which he has paid, and would have the effect of compelling the insured to pay for the insurance throughout a period for which the insurer is admittedly not liable.

"Accordingly, the acceptance of overdue premiums after a default for nonpayment, has been held to entitle the insured to future coverage, thus precluding a retroactive application of the premium." *McEwen,* 281 N.W.2d at 846 n. 2 (quoting Annot., 167 A.L.R. 333, 340 (1947)).

We think this is the better rule. A reading of this policy language gives the insured no indication that delinquent premiums will be applied to prior defaults. Rather, by providing that reinstatement covers only injury or illness that occurs after reinstatement, the policy implies that coverage begins a new on the reinstatement date. Furthermore, appellant could have protected its right to apply the delinquent premiums retroactively by inserting the optional statutory language in the policy. It did not do so. It cannot now rely on the statute to deny coverage.

### DECISION

Acceptance of a past due premium and reinstatement of the policy created a new policy term as of the reinstatement date.

Affirmed.